THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT ERIK STAFNE, | CASE NO. C16-0753-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| FREDERICK BENJAMIN BURNSIDE, *et al.*, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

Before the Court is Plaintiff's motion for recusal (Dkt. No. 35). A federal judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. §§ 455(a), (b)(1). A judge must disqualify under these provisions if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1219 (9th Cir. 2014) (quoting *Persnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008)). "Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned." *Maier v. Orr*, 758 F.2d 1578, 1583

(Fed. Cir. 1985). "Conclusory statements" or a party's "unsupported beliefs and assumptions" do not require a judge to recuse. *Id.*

Here, Plaintiff's asserted basis for recusal is that Senior District Judges cannot exercise federal judicial power because the statutory framework governing senior status violates the life tenure requirement of Article III of the Constitution. (*See generally* Dkt. No. 35.) Courts have rejected Plaintiff's theory repeatedly:

> Mr. Scott Stafne, has—unsuccessfully—attacked the ability of senior judges to adjudicate cases and attempted to disqualify senior jurists in two previous cases in the Western District of Washington, both of which were affirmed . . . by the Ninth Circuit. . . .
>
> Like the courts that have previously considered this issue, the court finds Plaintiffs' constitutional challenge to "senior status" meritless. *See Bank of N.Y. Mellon v. Stafne*, 824 F. App'x 536, 536 (9th Cir. 2020) ("[Mr. Stafne's] argument that the senior district judge who heard his case was a 'retired judge' merely 'acting as an Article III judge in this case,' is without merit."). "Senior judges 'are, of course, life-tenured Article III judges.'" *Id.* (quoting *Nguyen v. United States*, 539 U.S. 69, 72 (2003)); *see also Booth v. United States*, 291 U.S. 339, 350 (noting that retired federal judges, as contrasted to resigned judges, continue to hold office of judge and may continue to perform services as judge). That is, senior judges were constitutionally nominated by the President, confirmed by the Senate, and "retain the office" even when electing senior status. *See* 28 U.S.C. § 371(b)(1). Tellingly, Plaintiffs offer no judicial authority to the contrary, relying instead on a law review article to underpin its constitutional argument. *[S]ee also Stafne v. Zilly*, 337 F. Supp. 3d 1079, 1098 (W.D. Wash. 2018) (noting that "no case law" supported finding senior status unconstitutional).

*See Hoang v. Bank of Am., N.A.*, 2021 WL 615299, slip op. at 4–5 (W.D. Wash. 2021) (record citations omitted). Thus, both *res judicata* and *stare decisis* foreclose Plaintiff's argument, and there is no basis for recusal.

Accordingly, the Honorable John C. Coughenour, U.S. District Judge, DECLINES to voluntarily recuse and REFERS the motion to Chief Judge Martinez under LCR 3(f).

It is further ORDERED that consideration of Defendant's motion to dismiss (Dkt. No. 29) is STAYED pending resolution of the motion for recusal.

//

MINUTE ORDER
C16-0753-JCC
PAGE - 2

1 | DATED this 1st day of April 2022.

Ravi Subramanian
Clerk of Court

s/Sandra Rawski
Deputy Clerk