THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT ERIK STAFNE, <br><br> Plaintiff, <br><br> v. <br><br> FREDERICK BENJAMIN BURNSIDE, *et al.*, <br><br> Defendants. | CASE NO. C16-0753-JCC <br><br> ORDER |

Before the Court is the motion of Defendants Frederick Benjamin Burnside, Zana Zarha Bugaighis, and Davis Wright Tremaine, LLP ( "DWT" and, with Mr. Burnside and Ms. Bugaighis, the "DWT Defendants") to dismiss Plaintiff Scott Stafne's complaint. (Dkt. No. 29.) Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion and DISMISSES the complaint with prejudice for the reasons explained below.

I.  **BACKGROUND**

Mr. Stafne's claims arise from a separate foreclosure case that Defendants filed against him six years ago. That story began on March 9, 2005, when Mr. Stafne borrowed $800,000 against a home and executed a promissory note ("Note") in favor of Countrywide Home Loan, Inc. ("Countrywide"). *See Bank of New York Mellon v. Stafne*, Case No. C16-0077-TSZ, Dkt.

No. 114 at 1–2 (W.D. Wash. 2016) (the "Foreclosure Case").[1] Countrywide deposited the Note in an investment trust,[2] the trustee for which was JPMorgan Chase Bank, N.A. ("JPMorgan"), which sold its trust business to the Bank of New York, which later changed its name to the Bank of New York Mellon ("BONY"). *Id.* at 2, n. 1.

Mr. Stafne defaulted on the loan in January 2009 and has paid nothing since. *Id.* at 2. Five notices of default later, in January 2016, BONY accelerated the Note and filed a foreclosure suit in this Court. *Id.* at 3. The DWT Defendants represented BONY in the Foreclosure Case. (Dkt. No. 1 at 14–15.)[3]

Throughout that case, Mr. Stafne repeatedly argued that: (1) Defendants misrepresented the identity of the foreclosing entity by listing Bank of New York Mellon, a Delaware corporation, as plaintiff instead of "the" Bank of New York Mellon, a New York corporation, *i.e.*, BONY; (2) the Foreclosure Case was time-barred because Countrywide sent him a Notice of Intent to Accelerate the debt in 2009, more than six years before BONY sued him; and (3) Judge Zilly was not truly an Article III judge because he is on senior status. *See, e.g.*, Foreclosure Dkt. Nos. 24 at 4–7 (arguing that the statute of limitation bars the enforcement of the debt); 28 at 2 (arguing that "there are no entities known as 'Bank of New York Mellon', 'Bank of New York Mellon, a Delaware corporation' and/or 'Bank of New York Mellon Trust Company, N.A.'"); 134 (seeking Judge Zilly's recusal because he purportedly is not an Article III judge).

---

[1] *See also Bank of New York Mellon v. Stafne*, 2016 WL 7119359, (W.D. Wash. Dec. 7, 2016), *aff'd*, 824 F. App'x 536 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2522 (2021).

[2] Specifically, the trust is called the Structured Asset Mortgage Investments II Trust, Mortgage Pass-Through Certificates Series 2005-AR2 (the "SAMI Trust"). *See* Foreclosure Case, Dkt. No. 114 at 2.

[3] The Court cites the docket in the Foreclosure Case using "Foreclosure Dkt. No. _" and cites to the docket in this case using "(Dkt. No. __)."

The Court corrected the first issue by letting BONY substitute the correct entity name. *See* Foreclosure Dkt. No. 69 at 4–5[4] (citing Fed. R. Civ. P. 17 and finding the misidentification had not prejudiced Mr. Stafne).

Chief Judge Martinez rejected the third argument, Foreclosure Dkt. No. 139, and Judge Zilly rejected the second one, explaining that the limitations period had not started until 2016, when BONY actually accelerated the Note (versus merely indicating an intent to do so), Foreclosure Dkt. No. 114 at 3–4, 6 (granting summary judgment to BONY). The Ninth Circuit affirmed this ruling on appeal, noting that Mr. Stafne's senior-judge argument was "without merit." *Bank of New York Mellon v. Stafne*, 824 F. App'x 536, 536–37 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2522 (2021).

Four months after BONY filed the Foreclosure Case, Mr. Stafne brought this action, asserting that Defendants[5] violated the Fair Debt Collection Practices Act ("FDCPA") and the Washington Consumer Protection Act ("CPA") by filing the Foreclosure Case. (*See generally* Dkt. No. 1.) The Court stayed this action pending resolution of the Foreclosure Case. (*See* Dkt. Nos. 12–13.) The stay lifted once the Ninth Circuit issued its mandate in the Foreclosure Case. (*See* Dkt. No. 19.)

The DWT Defendants now move the Court to dismiss Mr. Stafne's complaint because, they argue: (1) He did not serve Mr. Burnside within the time limit prescribed by Federal Rule of Civil Procedure 4(m);[6] (2) claim and issue preclusion bar Mr. Stafne's causes of action; and (3)

---

[4] *See also Bank of New York Mellon v. Stafne*, 2016 WL 8738664 (W.D. Wash. Aug. 9, 2016).

[5] Mr. Stafne named as defendants the DWT Defendants, the SAMI Trust; The Bank of New York Mellon Corporation ("BONY Mellon"); The Bank of New York Mellon Trust Company, N.A. ("BONY Trust"); BNY Mellon, N.A. ("BNY"); JPMorgan Chase Bank, N.A. ("JPMorgan"); and Nationstar Mortgage, LLC ("Nationstar"). (Dkt. No. 1 at 1.)

[6] The Court does not address this issue because it resolves DWT Defendants' claims on other grounds that do not require determining whether Mr. Burnside was properly served.

ORDER
C16-0753-JCC
PAGE - 3

Mr. Stafne's complaint fails to state a claim for which relief can be granted. (*See generally* Dkt. No. 29.)[7]

## II. DISCUSSION

### A. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, legal conclusions, conclusory allegations, and rote recitals of claim elements are not enough and need not be accepted as true. *See id.* at 678.

In disposing of such a motion, along with the complaint, the Court may consider documents mentioned in the complaint that are central to the claims and of undisputed authenticity, *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006), and matters of judicial notice, such as public records and court documents, *see Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001); Fed. R. Evid. 201.[8]

### B. Claim and Issue Preclusion

The DWT Defendants argue that claim and issue preclusion bar Mr. Stafne's entire complaint. (Dkt. No. 29 at 6.) In response, Mr. Stafne simply asserts that he has not "been allowed his day in Court with regard to his Article III jurisdictional challenges to senior judges" and that applying preclusion would "result in injustice." (Dkt. No. 31 at 12–14.) He is wrong.

---

[7] While that motion was pending, Mr. Stafne sought to disqualify the undersigned judge, again making his senior-status argument. The Court explained why that argument is meritless, and the Chief Judge affirmed. (*See* Dkt. Nos. 37, 38.)

[8] The parties each ask the Court to take judicial notice of several documents. (*See* Dkt. Nos. 30, 33.) Most are court documents from the Foreclosure Case. (*See* Dkt. Nos. 30 at 2–3, 33 at 2.) Neither party opposes the other's request. The Court judicially notices all of the requested documents, except for DWT Defendants' Exhibits 28 and 29 (Dkt. No. 30 at 3, 456–61), and Mr. Stafne's Exhibits 6 and 11–16 (Dkt. No. 33 at 2, 54–120, 328–632). Judicial notice of those documents is unnecessary to resolve the DWT Defendants' motion.

1. Claim Preclusion

"The preclusive effect of a federal-court judgment is determined by federal common law." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–08 (2001). Claim preclusion "prevents parties from raising issues that *could* have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp.*, 140 S. Ct. 1589, 1594 (2020) (emphasis added). It applies when the prior litigation (1) involved the same parties, or parties in privity with them, (2) involved the same claim or cause of action as the later suit, and (3) ended in a final judgment on the merits. *Blonder-Tongue Labs. v. Univ. of Ill. Foundation*, 402 U.S. 313, 323–24 (1971). The most important factor is the second one, which this Circuit articulates as "whether the two suits arise out of the same transactional nucleus of facts." *C. Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002).

Even parties not involved in a prior action may invoke claim preclusion if they had a "substantive legal relationship" with a party that was involved, which includes "preceding and succeeding owners of property" at issue in the case. *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008). Likewise, privity may exist "when there is sufficient commonality of interest" among the parties in the two actions, such that a party in the later action had its interests adequately represented by a party in the prior one. *Tahoe-Sierra Preserv'n Council, Inc. v. Tahoe Regl. Plan. Agency*, 322 F.3d 1064, 1081–82 (9th Cir. 2003). Although BONY is the only defendant that was also a party to the Foreclosure Case, all the other Defendants were BONY's attorneys, its agents, its corporate affiliates, or its predecessors in interests. Thus, BONY had a substantive legal relationship with them or adequately represented their interests in that case (or both). The first element of claim preclusion is thus satisfied.[9]

---

[9] *See Amina v. WMC Fin. Co.*, 329 F. Supp. 3d 1141, 1159 (D. Haw. 2018), *aff'd*, 812 F. App'x 509 (9th Cir. 2020) (claim preclusion barred the plaintiff's FDCPA claim because the disparate parties in each suit shared "a substantial commonality of interests related to enforcement of the

ORDER
C16-0753-JCC
PAGE - 5

It is also clear that this case arises out of the same nucleus of transactional facts as the Foreclosure Case: All the relief Mr. Stafne seeks here is based on the Foreclosure Case and his underlying mortgage and default. He also could have asserted the claims he asserts here as counterclaims in that case, and he in fact "alleged affirmative defenses that Bank of New York Mellon was not the real party in interest, and 'Violations of Fair Debt Credit Reporting Act [sic] by plaintiff [*i.e.*, BONY] and its attorneys, which are demonstrated in a related action [*i.e.*, the instant lawsuit] to be filed with this Court.'" (Dkt. No. 29 at 10, 12); Foreclosure Dkt. No. 24. *See also Dexter v. Tran*, 654 F. Supp. 2d 1253, 1261–62 (E.D. Wash. 2009) (affirmative defense in Case A that lawsuit violated the FDCPA preclude asserting it as an affirmative FDCPA claim in Case B).

Finally, Judge Zilly's summary judgment order was a final judgment on the merits. *See, e.g.*, *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006) ("[I]n federal courts, a district court judgment is 'final' for purposes of res judicata.") (quoting *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1135 n. 2 (9th Cir. 2001)).

Claim preclusion therefore prevents Mr. Stafne from relitigating any of the claims he now asserts against all Defendants.

    2.    <u>Issue Preclusion</u>

Issue preclusion bars "'successive litigation of an issue . . . actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892 (citing *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Unlike claim preclusion, issue preclusion does not require the same parties in both proceedings. Restatement (Second) of Judgments § 29 (1982); *see also B & B Hardware,*

---

Mortgage in question"); *Amedee v. CitiMortgage, Inc.*, 2016 WL 1070657, slip op. at 5 (N.D. Cal. 2016) (loan servicing agent had privity with beneficiary of the loan, who appointed the agent); *Apostol v. CitiMortgage, Inc.*, 2013 WL 6328256, slip op. at 5 (N.D. Cal. 2013) (privity existed where interests of nonparty to prior suit were sufficiently aligned with the party in that suit).

*Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015) (noting that courts "regularly turn[]" to the Restatement in applying issue preclusion). A party is precluded from relitigating an issue that (1) is identical to one in a prior proceeding, (2) was actually litigated and decided in that case, (3) there was a full and fair opportunity to litigate, and (4) was necessary to decide the merits. *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019). An issue was actually litigated if it was "raised, contested, and submitted for determination." *Id.* at 1066.

Judge Zilly's orders in the Foreclosure Case preclude re-litigating the issues that Mr. Stafne raises here. *See* Foreclosure Dkt. Nos. 69 (rejecting Mr. Stafne's assertion that the Court lacked subject matter jurisdiction and allowing BONY to substitute into the case for the incorrect entity), 114 (holding the debt was not time-barred).

Mr. Stafne also actually (and unsuccessfully) litigated his Article III jurisdictional challenges based on senior judges' purported lack of life tenure or "volunteer status." (Dkt. No. 31 at 13.) He had a full and fair opportunity to—and did—litigate the issue in the Foreclosure Case. *See, e.g.*, Foreclosure Dkt. Nos. 134 (seeking Judge Zilly's recusal); (Dkt. No. 33 at 179–87, 221 (appellate briefing on the senior judge issue in the Foreclosure Case Ninth Circuit appeal)). As the Ninth Circuit panel—comprised of three non-senior judges—held in the Foreclosure Case, "[s]enior judges 'are, of course, life-tenured Article III judges.'" *Stafne*, 824 F. App'x at 537. All of these issues were necessary to deciding the merits in that case.

So, not only does claim preclusion bar all of Mr. Stafne's claims, issue preclusion bars most, if not all, of them, too.

C.  **Regardless of Preclusion, Mr. Stafne's Claims Still Fail on the Merits**

1.  <u>FDCPA Claims</u>

In general, the FDCPA applies only to "debt collectors." *See* 15 U.S.C. § 1692a(6). The statute defines "debt collector" as any person (1) whose principal purpose of business is to collect debt, or (2) "who regularly collects . . . debts owed or due another." *Id.*

Mr. Stafne's only allegations that the DWT Defendants fit this definition are that "[t]he Law Firm [*i.e.*, DWT] regularly collects consumer debt," (Dkt. No. 1 at 3), and that the DWT Defendants "regularly collect debts and seek[] enforcement of security interests in mortgage foreclosure actions," (*Id.* at 14). Such unsupported, conclusory assertions are insufficient to state a claim. *See Iqbal*, 556 U.S. at 678. And even though the Foreclosure Case sought a deficiency judgment, *see* Foreclosure Dkt. No. 114 at 6, which could remove it from the general rule that enforcing a security interest is not debt collection, *see Barnes v. Routh Crabtree Olsen PC*, 963 F.3d 993, 998–99 (9th Cir. 2020), the requirement that a debt collector "regularly" collect debts means the activities cannot be limited to "an isolated occurrence." *See Romine v. Diversified Collection Servs., Inc.*, 155 F.3d 1142, 1146 (9th Cir. 1998). Mr. Stafne offers only conclusory assertions that this is not so here. (Dkt. No. 1 at 14–15.)

Even if Mr. Stafne's allegations established the DWT Defendants are "debt collectors," they still do not establish substantive FDCPA violations. He alleges that the DWT Defendants violated several sections of the FDCPA, in particular: engaging in harassment and abuse in violation of 15 U.S.C. § 1692d; making false representations in violation of 15 U.S.C. § 1692e; participating in unfair practices in violation of 15 U.S.C. § 1692f(1) because DWT purportedly sued on a time-barred debt on behalf of a fictional entity; and failing to validate the debt when he disputed its validity and enforceability, as required by 15 U.S.C. § 1692g(b). (*See* Dkt. No. 1 at 16–19.) His theory of liability for the first three of these rests on the premise that the Foreclosure Case was brought by an entity with a "false name" and that the debt was time-barred. (*See id.* at 16–20.)

But as Judge Zilly explained in the Foreclosure Case, the debt was not time-barred because BONY did not accelerate it until 2016 and did not seek satisfaction of payments due more than six years before it filed suit. Foreclosure Dkt. No. 114 at 5–6. Moreover, the difference in name between BONY and the entity that originally filed the Foreclosure Case would not confuse a "least sophisticated debtor," as necessary to establish an FDCPA violation.

*See, e.g., Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006) (explaining the "least sophisticated debtor" objective standard). The least sophisticated debtor would not believe that Bank of Mellon New York Corporation was an unrelated third party attempting to collect on the Note held by BONY. *See Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1210 (11th Cir. 2019) (collecting cases and explaining that "[t]he least sophisticated consumer would not believe that Chase Home Finance was an unrelated third party attempting to collect on Mr. Pinson's mortgage with JPMorgan Chase").

As for the claim that the DWT Defendants violated § 1692g(b) by failing to validate the debt, Mr. Stafne does not allege that the DWT Defendants engaged in any specific conduct at all—only that "The Defendants" did. (Dkt. No. 1 at 18.) This is insufficient. *See Ferrie v. Woodford Research, LLC*, 2020 WL 3971343, slip op. at 8 (W.D. Wash. 2020) (collecting cases: "To survive a . . . motion to dismiss, a complaint cannot treat the defendants as an 'undifferentiated mass'"). Nor does Mr. Stafne allege that he notified the DWT Defendants in writing that he was disputing the debt, identify their initial communication with him, or provide any of the other information needed to establish a violation of § 1692g(b). (*See* Dkt. No. 1 at 18.) He thus fails to state FDCPA claims against the DWT Defendants.

### 2. CPA Claims

To state a CPA claim, a plaintiff must show (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) impacting the public interest, (4) an injury to the plaintiff's business or property, and (5) legal causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). A *per se* CPA claim lets a plaintiff satisfy the first three parts of this test by proving a predicate violation of "a statute that contains a specific legislative declaration of public interest impact." RCW 19.86.093(2). *See also Hangman*, 719 P.2d at 535–37. The FDCPA is such a statute. *Cf. Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 897 (Wash. 2009). Mr. Stafne's CPA claims are all predicated on alleged violation of the FDCPA, (Dkt. No. 1 at 20), so they fall along with his FDCPA claims.

### D. Dismissal of Nonmoving Parties *Sua Sponte*

District courts have discretion to dismiss nonmoving defendants if they are similarly situated to the moving defendant or if all defendants' arguments are integrally related. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 743 (9th Cir. 2008). The Court can do this without notice if the plaintiff cannot possibly win relief. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). The DWT Defendants' arguments regarding preclusion—especially claim preclusion—apply with equal force to all of Mr. Stafne's claims against all Defendants. Thus, he cannot possibly win relief. The entire complaint will thus be DISMISSED.

### E. Leave to Amend.

Courts generally grant leave to amend unless it is clear that the complaint could not be saved by any amendment. *See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."). Where, as here, claims are precluded as a matter of law, amendment would be futile. *See Manunga v. Louis*, 798 F. App'x 175, 177 (9th Cir. 2020). Accordingly, the Court's dismissal is without leave to amend.

## III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the DWT Defendants' Motion to Dismiss (Dkt. No. 29) is GRANTED. Mr. Stafne's Complaint is DISMISSED with prejudice and without leave to amend.

DATED this 28th day of April 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE