THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT ERIK STAFNE,

                    Plaintiff,

    v.

FREDERICK BENJAMIN BURNSIDE, *et al.*,

                    Defendants.

CASE NO. C16-0753-JCC

ORDER

Before the Court is Plaintiff Scott Stafne's motion for post-judgment relief (Dkt. No. 43). Having thoroughly considered the motion and the relevant record, the Court finds oral argument unnecessary any hereby DENIES the motion for the reasons explained below.

## I.    BACKGROUND

The Court previously articulated the relevant background for this case and will not repeat it here. (*See* Dkt. Nos. 37 (the Court's minute order denying Plaintiff's recusal requests), 38 (Chief Judge Martinez's order affirming the same), 41 (order of dismissal). Plaintiff again argues that, because senior judges cannot perform judicial duties unless the chief judge or the judicial counsel of the circuit designates and assigns them to do so, *see* 28 U.S.C. § 294(c), (e), senior judges lack lifetime tenure and, thus, are not true Article III judges who may exercise federal judicial power under the Constitution. (*See* Dkt. No. 43 at 3–4.)

//

ORDER
C16-0753-JCC
PAGE - 1

1

**II.    DISCUSSION**

2

    **A.    Legal Standard**

3

    Plaintiff purports to seek relief under both Federal Rules of Civil Procedure 59(e) and

4

60(b). (Dkt. No. 43 at 1.) However, because he filed his motion within 28 days of the dismissal

5

order, (Dkt. No. 41), it is properly treated as a Rule 59(e) motion. *See, e.g.*, *Bass v. U.S. Dep't of*

6

*Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). That rule authorizes relief to (1) prevent manifest

7

errors of law or fact on which the judgment rests; (2) present newly discovered or previously

8

unavailable evidence; (3) prevent manifest injustice; or (4) account for an intervening change in

9

controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). However,

10

"[m]otions for reconsideration are disfavored. The [C]ourt will ordinarily deny such motions in

11

the absence of a showing of manifest error in the prior ruling or . . . of new facts or legal

12

authority which could not have been brought to its attention earlier with reasonable diligence."

13

LCR 7(h)(1).

14

    **B.    Analysis**

15

    Plaintiff merely repeats arguments that have been rejected at least four times, two of

16

which have been affirmed on appeal. (*See* Dkt. No. 37 (denying motion to recuse), *aff'd* Dkt. No.

17

38); *Hoang v. Bank of Am., N.A.*, 2021 WL 615299, slip op. at 4–5 (W.D. Wash. 2021) (citing

18

prior instances where Plaintiff's argument failed and rejecting it yet again).) Nonetheless, he

19

argues that a manifest error has occurred because every court that he has presented with this

20

argument has dodged it. (Dkt. No. 43 at 7.) He is wrong. Several courts have considered his

21

theory on the merits, even if they apparently felt that dismantling it point by point was not worth

22

the added wordcount.[1] This Court agrees with that assessment but will devote the wordcount

23

24

---

[1] *See Hoang*, 2021 WL 615299, slip op. at 5 (holding that Plaintiff's legal theory lacked any
support); *Stafne v. Zilly*, 337 F. Supp. 3d 1079, 1097–98 (W.D. Wash. 2018) (ultimately not
deciding the issue but nonetheless criticizing the logic underlying the theory that senior status
violates the Constitution), *aff'd* 820 F. App'x 594, 595 (9th Cir. 2020); *Bank of N.Y. Melon v.
Stafne*, 824 F. App'x 536, 536 (9th Cir. 2020) (concluding the argument was "without merit").

25

26

anyway, if only to put Plaintiff on notice that what may once have been "a nonfrivolous argument for extending, modifying, or reversing existing law" can no longer be considered one from this point forward. *See* Fed. R. Civ. P. 11(b)(2).

Plaintiff's legal theory originates in the law review article, *Are Senior Judges Unconstitutional? See* David R. Stras & Ryan W. Scott, 92 Cornell. L. Rev. 453 (2007). Its authors[2] tacitly acknowledged the conceit of their exercise when they questioned:

> Why would anyone challenge an institution so longstanding, widely accepted, deeply appreciated, and inarguably useful as senior judges? . . . [I]t seems unlikely that any federal judge would strike down the judicial retirement statute. Declaring senior judges unconstitutional would wreak havoc on the federal courts . . . .

*Id.* at 457–58 (citing, with a "*cf.*," Vasan Kesavan & Michael S. Paulsen, *Is West Virginia Unconstitutional?*, 90 Cal. L. Rev. 291, 395-96 (2002)). Translation: This is a stimulating, highly publishable academic reflection that does not have much in the way of serious practical application. *See* Hon. Betty Binns Fletcher, *A Response to Stras & Scott's Are Senior Judges Unconstitutional?*, 92 Cornell L. Rev. 523, 524 (2007) ("I admire the authors' imaginations—posing . . . imaginary problems and nonsolutions to the problems they have created.")

The article itself concedes that both the Supreme Court and the Sixth Circuit have rejected challenges to the constitutionality of senior status. *Id.* at 475 (citing *Booth v. United States*, 291 U.S. 339 (1934); *Steckel v. Lurie*, 185 F.2d 921 (6th Cir. 1950)). The Supreme Court in *Booth* held that "[b]y retiring pursuant to the statute[,] a judge does not relinquish his office. . . . [H]e shall continue, so far as his age and his health permit, to perform judicial service." 291 U.S. at 350. The Sixth Circuit in *Steckel* justified § 294 by reference to Congress's power to regulate the jurisdiction of lower federal courts. 185 F.2d at 924–25.

Like a movie where the protagonist enters an obviously haunted house, an article of this sort finds an audience willing to suspend disbelief in the name of an engaging plot that would

---

[2] Then-Professor Stras is now a United States Circuit Judge who sits on the Eighth Circuit.

otherwise end too soon. Federal court decisions do not have that luxury. The Court must follow binding precedent and look to persuasive authority. A Supreme Court decision, a Sixth Circuit opinion, and several rulings from this Court and the Ninth Circuit all indicate, in various ways and for various reasons, that senior status is constitutional.[3] Only an academic piece says otherwise. To side with the latter would be to abdicate the Court's institutional role in our common law system.

Nor does the statute that Plaintiff challenges raise the constitutional concerns that he cites. Section 294(b) provides that a senior judge may continue to perform such judicial duties "as he is willing and able to undertake, when designated and assigned." The "willing and able" qualifier imposes an objective constraint on any designation and assignment decisions, and nothing in the statute authorizes a chief judge making such decisions to indefinitely block a senior judge from judicial duties. Nor does the statute prohibit that, but the lack of express authorization makes the threat of constructive removal so hypothetical as to not raise serious Article III concerns.[4] Properly construed, the assignment and designation provisions of § 294 describe a largely ministerial act rather than an exercise of broad discretion or a grant of authority to a judge that relinquished it upon electing senior status. *See Two Guys from Harrison-Allentown, Inc. v. McGinley*, 266 F.2d 427, 432 n.1 (3d Cir. 1959) (where chief judge inadvertently failed to continue a retired colleague's designation, "a formal designation was not vital or indispensable" to the latter's exercise of jurisdiction, and a "nunc pro tunc order [redesignating him] served to correct the inadvertent omission of *the exercise of ministerial power*" (emphasis added)). And in any case, "[f]ederal statutes are to be so construed as to avoid serious doubts of their constitutionality." *Commodity Futures Trading Comm'n v. Schor*, 478

---

[3] In addition to *Booth* and *Steckel*, see the cases cited in Footnote 1.

[4] *See Steckel*, 185 F.2d at 924 ("The statute relating to retirement of federal judges, and its provisions as to their designation and assignment to perform such judicial duties as they are willing and able to undertake, is not concerned with their removal or deposition, or deprivation of their compensation or of their office.").

U.S. 833, 841 (1986) (citation omitted).

Settled equitable principles also bar Plaintiff's argument. It was he who invoked this Court's jurisdiction. (Dkt. No. 1.) He even joined in a stipulation asking this Court to stay the case, (*see* Dkt. No. 12), never challenging the Court's authority or its jurisdiction until faced with a meritorious Rule 12 motion. The Supreme Court in *Schor* held that Schor had "indisputably waived" his assertion that an Article III court, rather than an administrative law judge, must try the counterclaim asserted against him by his commodities broker. 478 U.S. at 849. The Court explained that Schor declined to file his claim in federal court, instead sought relief through an agency dispute resolution procedure, "expressly demanded that [the broker] proceed on its counterclaims in the reparations proceeding rather than before the District Court, and was content to have the entire dispute settled in the forum he had selected until the ALJ ruled against him." *Id.* While Plaintiff raised his challenge before the Court ruled against him, he chose this forum, and—having lost on essentially the same arguments some years earlier, (*see* Dkt. No. 41 at 3–7)—likely saw the writing on the wall. His argument thus fails on the additional ground of waiver.

## III.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for post-judgment relief (Dkt. No. 43). The Clerk is DIRECTED to provide a copy of this order to Chief Judge Martinez.

DATED this 9th day of June 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE